**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00584-RM

HARRY M. CROSBY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION
AND REMANDING TO THE COMMISSIONER**

---

THIS MATTER comes before the Court on Plaintiff Harry M. Crosby's ("Plaintiff") request for judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"). The administrative law judge ("ALJ") ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

## I. BACKGROUND

Plaintiff applied for disability insurance benefits (DIB) in March 2004, alleging disability beginning in March 1999 (Admin. Record ("Tr.") at 349). After his application was initially denied, Plaintiff requested a hearing before an ALJ which was held in March 2006 (Tr. 26-49, 306, 323). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled (Tr. 309-17). Plaintiff requested review of that decision by the Appeals Council, which remanded the

case to an ALJ for a new hearing (Tr. 338-43). A hearing was held in January 2009 before a different ALJ (Tr. 79-111). Before that second hearing, Plaintiff sent the ALJ a letter amending his alleged onset date to March 2002, and requesting that the ALJ reopen a prior DIB application that had been filed in September 2001 (Tr. 473-74). In February 2009, the new ALJ issued a decision in which he reopened the prior application (with the new alleged onset date of March 2002), but found that Plaintiff was not disabled (Tr. 26-40). Plaintiff timely requested judicial review before this Court.

### A.     Background and Medical Evidence

Born in 1955, Plaintiff was 49 years old in December 2004, his date last insured[1] (Tr. 27, 60). Plaintiff had worked as a truck driver and an electrician (Tr. 170). Plaintiff was injured in a 1999 work accident which caused chronic lower back pain (Tr. 511). Such pain restricts his ability to sit, walk or stand (Tr. 390). Plaintiff underwent a laminectomy, and was considered at maximum medical improvement for his work related injury as of August 1, 2001 (Tr. 228). Despite surgery, his back pain did not improve (*id*).

Plaintiff presented before William Shaw, M.D., one of his treating physicians, on February 1, 2002. Dr. Shaw diagnosed Plaintiff with "Chronic lumbar radicular syndrome and failed back syndrome" (Tr. 485). On July 22, 2003, Dr. Shaw provided a Medical Source Statement of Ability to do Work Related Activities. In that assessment, Dr. Shaw indicated that Plaintiff cannot operate a motor vehicle due to the prolonged sitting required (Tr. 301-304). He stated that Plaintiff can *sit* "1 hour at a time, 4-5 hours in an 8 hour work day" (needing a "5 to 7" minutes

---

[1] Because this case is for DIB only, Plaintiff must prove that his disability began on or before his date last insured. 20 C.F.R. § 404.131.

break after each hour of sitting); can *stand* "0-1 hour at a time, 2-3 hours in an 8 hour day"; and can *walk* "0 to 1 hour at a time, 2 to 3 hours in an 8 hour day" (Tr. 301-305; emphasis added).

In February 2002, Rita Starritt, M.D., performed a consultative exam. A lumbosacral spine film was performed and reviewed by Dr. Starritt showing "loss of disc space at the L4-L5, consistent with a fusion" (Tr. 300). Dr. Starritt further stated, *inter alia*, that Plaintiff "cannot crawl due to his back pain" and "when he sits he needs to be able to change position every half-hour or so" (*id*).

On March 20, 2002, Plaintiff received services through the Colorado Division of Vocational Rehabilitation from Christy Jabour, M.D. (Tr. 531). Dr. Jabour performed a vocational assessment which stated: "The fact that he cannot sit for long periods of time, even to a certain extent, excludes the possibility of any sedentary-type work." Dr. Jabour limited Plaintiff's sitting to "10-15 minutes at a time" (Tr. 531-537).

On June 8, 2004, Paul Shadler, M.D., performed a consultative exam which indicated that Plaintiff can sit for "4-6 hours" in an eight hour day (Tr. 514-5). The report does not indicate how long he can sit at one time. Dr. Shadler does note that during the examination, "after being seated for 5-10 minutes, Plaintiff got up to stretch" (Tr. 512).

On April 7, 2006, Plaintiff underwent a Functional Capacities Evaluation by Doris Shriver, OTR.[2] Extensive testing was performed, and Ms. Shriver concluded that Plaintiff is limited to ten minutes sitting at one time, two hours in an eight hour day. According to Ms. Shriver, Plaintiff is unable to sustain an eight hour work day, being able to perform a total of five hours sit/stand/walk combined (Tr. 444-457).

---

[2] Occupational Therapist Registered ("OTR").

**B.     The ALJ Decision**

The ALJ issued his decision on February 27, 2009 (Tr. 26-40).   In reaching his conclusion, the ALJ followed the five-step sequential evaluation process for evaluating disability claims[3] (Tr. 27-28).   *See* 20 C.F.R. § 404.1520(a)(4).   The ALJ found that Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine (Tr. 29).   The ALJ further found Plaintiff's Residual Functional Capacity ("RFC") to be as follows:

> [T]he claimant had the residual functional capacity to perform all work activities with the following limitations: he could lift and carry up to 10 pounds; sit 1 hour at a time for a total of 5 hours in an 8-hour work day; stand 1 hour at a time for a total of 3 hours in an 8-hour work day; and walk 1 hour at a time for a total of 3 hours in an 8-hour work day.   The claimant can occasionally climb, stoop, crouch, kneel, and crawl; and occasionally operate a motor vehicle.

(Tr. at 31.)

Based on this determination, and on the vocational expert's testimony which in turn was predicated on the ALJ's RFC determination, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform – including a Final Assembler, Lens Inserter and Order Clerk (Tr. 40).   Therefore, the ALJ concluded that Plaintiff was not disabled.   *See* 20 CFR § 404.1520(g).

## II.   STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.   *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).   Substantial evidence is evidence

---

[3]  The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.   *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

4

that a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although a district court will "not reweigh the evidence or retry the case," it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). As the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* at 479-480. This duty exists even when the claimant is represented by counsel. *Id.* at 480.

### III. ANALYSIS

Plaintiff raises several issues for consideration, including: (1) that the ALJ's findings do not include all of the limitations contained in the medical opinions that were adopted by the ALJ – *i.e.,* that the RFC determination is inconsistent with, *inter alia*, the medical opinion of Dr. Shaw; and (2) that the ALJ's hypothetical questions to the vocational expert did not precisely reflect Plaintiff's limitations and thereby the vocational expert's testimony is not based on substantial evidence.[4]

---

[4] Plaintiff raises other issues concerning, *inter alia*, credibility determinations and additional evidence submitted before the Appeals Council. An abbreviated analysis of these issues is addressed in Section III.C., *infra*.

Because the Court finds that the ALJ's findings were not supported by substantial evidence, by *not* addressing all the limitations contained in the medical opinions that were adopted by the ALJ, the Court finds that this error requires remand.   For the reasons stated below, the Court also finds that the second issue similarly warrants further consideration on remand.

### A.     RFC Determination Not Supported by Substantial Evidence

Plaintiff attacks the ALJ's RFC findings by contending that the ALJ gave controlling weight to the opinion to Dr. Shaw, but failed to consider all of his opinion and make specific findings for the purposes of the RFC determination.   (ECF No. 15 at 8; ECF No. 19 at 3.)

The RFC assessment is made by the ALJ "based on all the relevant evidence in [the claimant's] case record."   20 C.F.R. § 404.1545(a)(1).   The RFC is an assessment of the most a claimant can do despite his or her limitations.   *Id.*   Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements.   Soc. Sec. Ruling (SSR) 96–8p (July 2, 1996).   An ALJ must make "specific" RFC findings based on all of the relevant evidence in the case record.   *See Winfrey v. Chater*, 92 F.3d 1017, 1023 & 1025 (10th Cir. 1996).

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.   The *adjudicator must also explain how any material inconsistencies or ambiguities* in the evidence in the case record were considered and resolved.

SSR 96–8p (emphasis added).

The ALJ's findings regarding a claimant's RFC must be supported by substantial evidence. *See Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff challenges the ALJ's RFC determination contending that it did not accurately reflect the opinion of Dr. Shaw – a treating physician who had been afforded controlling weight in the ALJ's decision – because certain limitations were not expressly adopted in the RFC.   Plaintiff contends that this omission renders the RFC finding deficient and, accordingly, the substantial evidence test has not been met.   The Court agrees the substantial evidence test has not been met.   The reason is two-fold.

First, the RFC determination is inconsistent with Dr. Shaw's opinion because the former does not account for Plaintiff's need for breaks of up to five to seven minutes after sitting or standing.   The Commissioner's characterization of this argument as a "red herring" (ECF No. 18 at 15) is misplaced because the RFC assessment must be "specific as to the frequency of the individual's need to alternate sitting and standing" since such findings may "erode" the "sedentary" job base.   *See* Soc. Sec. Rul. 96–9P, 1996 WL 374185 at *7 (July 2, 1996).   This SSR Ruling is consistent with *Winfrey*, *supra* at 1023 (stating that an ALJ must make "specific" RFC findings based on all of the relevant evidence in the case record).   S*ee also Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the treating physician (Dr. Shaw) specifically opined on the frequency of when Plaintiff should sit or stand which the ALJ failed to address, contrary to the requirement stated in SSR 96-9P and recognized in *Winfrey, supra,* and *Henrie*, *supra*.

The sit/stand limitation is critical to the ALJ's analysis because it directly relates to the question proposed to the vocational expert who provides an opinion on the types of jobs Plaintiff

may perform.   Without such evidence, the substantiality test cannot be met.   The Court finds that the deficiency warrants remand.   *See generally Flaherty*, *supra* at 1070 (a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met").

Second, the ALJ's decision is deficient because he has failed to explain "material inconsistencies" in the evidence in the case record.   SSR 96-8P.   By not accounting for limitations stated in Dr. Shaw's report, the ALJ has failed to explain how Dr. Shaw's opinion is consistent with Dr. Starritt's opinion that Plaintiff is required to change position every half-hour or so (Tr. 300).   Specifically, the ALJ stated that "Dr. Starritt's evaluation and opinions overall are supported by objective signs and findings that are consistent with the record as a whole"[5] (Tr. 34). Dr. Shaw's opinion, however, does not require Plaintiff to change every half-hour or so and, as such, is inconsistent with Dr. Starritt's opinion.   The ALJ's failure to explain the inconsistency constitutes reversible error.   Accordingly, the Court must remand the decision for further consideration.   *See Winfrey*, *supra* at 1023.[6]

---

[5] The problem phrase is conclusory and, without more, cannot constitute substantial evidence.   The ALJ's decision is required to be fully developed so that it can be properly reviewed.   *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004).

[6] As a corollary, if the ALJ does not resolve evidence with respect to the sit/stand limitation, Dr. Starritt's opinion requiring a change in position every half-hour (when coupled with other evidence in the record) begins to overwhelm the five-seven minute limitation provided by Dr. Shaw.   *Grogan*, *supra at* 1261-62 (stating that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record").   Resolution of this issue is critical because it impacts the questions that are proposed to the vocational expert at step 4 of the evaluation process.   In short, a deficient RFC determination has a ripple effect insofar that it infects the substantiality of evidence provided by the vocational expert to the ALJ that has a direct impact on whether a disabling finding is found (or not).   This concern is directly relevant in this case and a further reason warranting remand.

### B. The ALJ's Hypothetical Questions to the Vocational Expert Did Not Precisely Reflect Plaintiff's Limitations

Plaintiff contends that the ALJ erred because the hypothetical questions proposed to the vocational expert did not reasonably reflect Plaintiff's limitations—*i.e.*, "the RFC does not account for all of [Plaintiff]'s functional limitations" as described in Dr. Shaw's report. (ECF No. 15 at 10.) Such error, Plaintiff says, derives from a deficient RFC determination. The Court agrees.

As discussed above, the ALJ's questions to the vocational expert were not predicated on an RFC that was founded on substantial evidence. Therefore, the Court finds that the testimony elicited from the vocational expert cannot be said to relate with precision to Plaintiff's limitations, and cannot constitute substantial evidence upon which to deny Plaintiff's disability claim. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.").

Accordingly, the Court concludes that because the ALJ's omission of Dr. Shaw's sit/stand limitation is material – *i.e.,* not precise as to the limitations proscribed by Dr. Shaw's report – this tainted the vocational expert's testimony. *Hargis, supra* at 1492. As such, substantial evidence is lacking in this case to support the ALJ's determination as to Plaintiff's claim for disability benefits. Remand is required to resolve these deficiencies.

### C. Remaining Arguments

Plaintiff raises additional issues related to the sufficiency of the underlying proceedings.

#### 1. Credibility Determination by the ALJ of Plaintiff

Plaintiff contends that the ALJ's credibility findings as to Plaintiff's symptoms (back pain)

are not supported by the record as whole (ECF No. 15 at 7-8).

As a threshold point, the Court notes that attacking the ALJ's credibility findings is generally futile on appeal. It is not a court's role to reweigh the evidence before the ALJ. *See Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g., Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000). From an evidentiary standpoint, the only issue relevant to the Court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the *sufficiency* of the evidence, not its weight"; emphasis in original).

As such, the Court finds that because Plaintiff's argument is directed to credibility findings – a province of the ALJ – the Court will not disturb those findings. It follows that the findings need not be addressed on remand.

### 2. Dr. Ruth's Report

Subsequent to the hearing, Plaintiff obtained vocational evidence from Bonnie Ruth, PhD, to rebut evidence provided by the vocational expert. Dr. Ruth pitched the rebuttal at two levels. First, Dr. Ruth contended that the Dictionary of Occupational Titles (DOT) was outdated and not a reliable source about the current labor market. Second, she contended that Plaintiff would not qualify for then-current job listings in the Colorado market for the identified occupations. Plaintiff contends it was error for the Appeals Council to accept and consider this evidence, and then not to discuss the same.

Where new and material evidence is submitted, the Appeals Council is required to consider the evidence if it relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R.

§ 404.970(b). Where the Appeals Council makes the evidence a part of the record, this constitutes an implicit determination that the claimant submitted qualifying new evidence for consideration. *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006); *see Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). As such, the Appeals Council is required to consider such evidence as part of its evaluation of the entire record. It is not, however, required to specifically discuss and analyze the effect of the evidence on the ALJ's decision. *Martinez v. Barnhart*, *supra* at 1207-1208.

In this case, the Appeals Council considered Dr. Ruth's report and made it a part of the record (Tr. 11, 14). Contrary to Plaintiff's contention, the Appeals Council was not required to discuss such evidence. Where the Appeals Council has accepted the new evidence, however, an issue is raised as to whether the Court must, on review, either consider the additional evidence or make a *de novo* review as to whether the evidence is new, material and chronologically relevant. *Martinez v. Barnhart*, *supra* at 1208; *Krauser v. Astrue*, *supra* at 1328-1329. The Tenth Circuit has not "definitively resolve[d]" the issue, *Krauser v. Astrue*, *supra* at 1329, and the Court finds it need not do so here because of the remand to the Commissioner for consideration of the sit/stand limitation. Here, as previously addressed, the limitation raised by Dr. Shaw directly relates to the questions proposed to the vocational expert and the opinions thereby rendered. Accordingly, the Commissioner's decision on remand regarding such limitation, of which the Court expresses no opinion, may render the vocational expert's testimony – and Dr. Ruth's criticism of the same – moot. On remand, the Court leaves to the Commissioner to determine how to address Dr. Ruth's report in light of the evidence presented as a whole.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

DATED this 18th day of March, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge